# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MOHAMMED HASAN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19cv395 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| M. BRECKON, Warden, | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Petitioner Mohammed Modin Hasan, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he asserts that the court in which he was convicted and sentenced lacked jurisdiction and he also claims that he is actually innocent of committing piracy, in violation of 18 U.S.C. § 1651, which was one of his convictions. The only relief he seeks is that this court vacate his conviction and sentence, and it appears that he is asking for that relief only as to his conviction on Count 1s, a violation of 18 U.S.C. § 1651. (Pet. 7, Dkt. No. 1.) Upon review of the petition, I find that Hasan has failed to demonstrate that he is entitled to relief under § 2241 and, therefore, I will dismiss his petition.

## I.

In April, Hasan and a number of co-defendants were indicted in the Eastern District of Virginia in Criminal Action No. 2:10-cr-00056-1. In November 2010, after an eleven-day jury trial, Hasan was found guilty of all fourteen counts of the superseding indictment against him.[1] These included a violation of 18 U.S.C. § 1651, piracy under the law of nations, and a number of related charges. On March 18, 2011, judgment was entered against him and he was sentenced to a term of life imprisonment on Count 1s, the § 1651 charge, and to multiple terms of long sentences (including 240 months, 300 months, and 360 months) on the other counts. Most of

---

[1] The court later granted Hasan's motion to dismiss Count 13s as multiplicitous at the time of sentencing. *United States v. Hasan*, Criminal Action No. 2:10-cr-00056-1 (E.D. Va. Mar. 9, 2011) (ECF No. 296).

those sentences were to run concurrently with Count 1s, but the judgment also included two 300-month sentences on Counts 10s and 11s and a 360-month consecutive sentence on Count 12s, all to be served consecutive to Count 1s.

The Court of Appeals for the Fourth Circuit affirmed his convictions and sentence by published opinion, *United States v. Dire*, 680 F.3d 446 (4th Cir. 2012), and the United States Supreme Court denied his petition for writ of certiorari in January 2013. *Dire v. United States*, 568 U.S. 1145 (2013).

In 2016, Hasan filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the District Court for the Eastern District of Virginia. A ruling on that motion was held in abeyance pending the resolution of several appellate court cases, but ultimately was denied. *Hasan v. United States*, No. 2:10cr56-1 (E.D. Va. Sept. 30, 2019) (ECF No. 547). The court's opinion in that case references jurisdictional arguments by Hasan, albeit perhaps different that the one he raises here. The court found his arguments to be untimely and, in the alternative, without merit, and rejected his other arguments, as well. Hasan appealed, and his appeal remains pending before the Fourth Circuit, *Hasan v. United States*, No. 19-7468 (4th Cir.).

As noted, in his instant § 2241 petition, Hasan asserts a claim of "actual innocence" and also claims that the court lacked jurisdiction to convict him of a violation of 18 U.S.C. § 1651. He further contends that his claim that he is actually innocent of his conviction and sentence are "unrelated to [his] pending 2255 motion." (Pet. 4.)

**II.**

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by

2

filing a § 2241 petition for writ of habeas corpus, but only if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge a conviction only when (1) settled law established the legality of the conviction at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. *Id.*[2] A petitioner must satisfy these requirements to confer jurisdiction on the § 2241 court to evaluate the merits of a petitioner's claims. *United States v. Wheeler*, 886 F.3d 415, 423–26 (4th Cir. 2018).

Hasan's petition does not identify any change in substantive law sufficient to satisfy *In re Jones*, but regardless, he cannot satisfy the second element above because he filed his § 2241 petition in this case while his first § 2255 motion was pending. Thus, any change in law did not occur "after [he] completed his appeal and first § 2255 motion." Accordingly, I find that Hasan fails to meet the *In re Jones* standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction and, thus, his claims cannot be addressed under § 2241.[3]

---

[2] The standard is slightly different where a petitioner argues that § 2255 is inadequate or ineffective to test the legality of his sentence, as opposed to his conviction. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

[3] I decline to construe Hasan's motion as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, Hasan has already filed a § 2255 motion in the District Court for the Eastern District of Virginia. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. *See* § 2255(h). Because Hasan has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, I find that transfer of a clearly successive § 2255 motion to the sentencing court would not be in the interests of justice or judicial economy. Therefore, I decline to construe and transfer Hasan's petition.

3

**III.**

For the reasons stated herein, I will dismiss Hasan's petition. All other motions will be dismissed as moot. An appropriate order will be entered.

**ENTER**: This 2nd day of December, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE